and the times will be as allotted to counsel the first case today is number one nine one two four four United States versus Nara James morning your honors may please this court my name is Clifford strike I am the defense counsel for Nara James Nara James is an Afro-American man who was stopped by police officers in downtown Louisville Maine for walking in the street in the middle of December four officers surrounded the defendant interrogated him for a brief period of time and as a result of that interrogation later identification he was arrested for possession of illegal was made on defendants then purported residence and that bail check from our perspective exceeded the bounds of the bail check and the officers involved in that inspected and searched a shed that was attached to Mr. James's apartment but was not accessible directly from the apartment our contention is that the Maine bail code is such that in order to search that attached shed that doesn't have direct access a search warrant should have been issued and not just a bail check so you saying that with respect to the bail check the the issue was one of the very beginning of your question well I you you were describing what you believe is the is the the basis for the flaw in the search of the shed or whatever it was yes sir and you you referred to the Maine bail statute to determine the extent of the waiver that it involved and you say that under the Maine bail statute I understood you to be saying that under the there should have been a warrant rather than a reliance upon this waiver so my question is are you saying that this is an issue of state law rather than an issue of federal constitutional law no sir is a issue of federal constitutional law because I believe that the agents exceeded their could have authorized the search with a different with a different statutory formula but because the Maine statute was exceeded we get to a kind of federal constitutional issue is that the way you're analyzing it that's our analysis your honor yes sir yes sir and the bail code in Maine he is subject to search of self residence motor vehicle any place that he's in Maine law the definition of residence is a place where you sleep obviously the shed that was involved here is not a direct part of the residence and it's not a place where he sleeps it is certainly part of a dwelling but the Maine bail code under which the agents were acting does not incorporate dwelling as part of as residence they specifically refer to residence once you get past that our contention is the agents who had more than sufficient opportunity after detaining the defendant in the apartment to get a neutral magistrate based on the information they had to search to get a search warrant for that independent premise Mr. Strike was this argument about the limitations of the Maine bail code made to the district court not exactly judge not exactly not at all I mean I I mean I think I'm familiar with with the argument before Judge Singal and with Judge Singal's decision and this is the and I'm hearing and I and I read nothing about what you are talking about now I read an argument about the fact that the that the bail condition didn't extend to the shed but not based on any provision of the mail bail Maine bail law well that's correct judge that is correct but at the same time the stemming review for plain error yes sir okay yes sir and I do think it is plain error in any case the agents had more than ample opportunity just so I understand what has to be plain on your view it's plain that the word residence excludes the shed yes sir okay yeah the plain the actual definition of residence when compared to dwelling there are two different entities Black's law dictionaries we quoted essentially says residence is a place where an individual sleeps for lack of a bit to cut it down to the bare bones well if we follow if you we follow that argument to the conclusion then the then a warrant could authorize or a a a a waiver could authorize nothing but a search of the bedroom well I think that limits it more than I'm I'm I'm suggesting your honor all right well I I know it is but if you carry it to its conclusion it would seem to uh to mean that the waiver covers only the bedroom which not even you know you you don't claim that no once you say it once you concede as you really have to uh that it's got to cover more than the bedroom then I am not sure uh how you draw a line between let's say the kitchen or the living room on the one hand uh and and a pertinent uh storage closet sort of shed uh within the same building on the other well judge I think the line is drawn by the fact that the only access to that shed was not through the apartment you had to exit the apartment in order to enter the shed but there was not a door in between the apartment and the shed itself I suppose there was a mailbox downstairs in the apartment building would you be able to access that as on your theory or not is that part of the residence well I think the mailbox is not part of the residence judge it's not within the residence but it's certainly part of the tenant mailbox for that resident say again judge I know it's the mailbox for that resident right because it's not contained within the residence it's certainly the tenant's property or property right as to that mailbox but I certainly wouldn't consider mailbox part of the residence would you consider an unattached garage as part of a residence no sir I would consider that part of a dwelling and the difference being you're not you're not sleeping in the garage the residence generally is where one lives where one sleeps and I'm not trying to limit it to the bedroom I'm talking about the residence in general the dividing line your honor from our perspective is when you get to something that is outside the residence and there is no opportunity for defendant to engage in any illicit activity while the search is going on then agents have more than ample opportunity to request a warrant from an independent magistrate and that's our position and what case do you have that holds that for well then how can it be plain error if you're if you're arguing a proposition for which there is no existing authority all right you want us to make new law all right but plain error means that there must be an error that is clear and obvious which which in the ordinary case requires that there be some previous pre-existing precedent that's been violated well judge in this particular case we don't have a case on the case law however I think plain English defines the proposition that we're proposing for this court you know I don't I don't think that's right I think when when most people say I'd like to invite you to my residence they're referring to their entire property be it the house the garage the driveway the parking lot driveway the gazebo in the backyard people don't make the fine in in ordinary English conversation people don't make the fine distinction you're asking us to make no they don't judge but at the same time people in ordinary conversation are not talking legalese so if someone was to invite whether the use of term home residence property the idea is they're going to invite the agents in to conduct a search of the shed that is not directly part of the apartment that was Mr. James's at the time and the agents prior to that search knew from the landlord that that shed was part of the dedicated property that Mr. James was renting from him on the second ample opportunity to get a search warrant to prevent any issues as far as whether or not they've exceeded a bail check. Thank you your honors. Thank you. Mr. Pez before you start could we have these people find seats or or thank you I think there may be some space over there too if people squeeze a little bit so okay um oh there over there i think we're close to the capacity line yeah i took uh i'm not thrilled with people being standing in the back there for the arguments but could you just watch the door so we don't have more people coming in oh will you okay i apologize go ahead thank you your honor may it please the court julia lopez for the united states i'd like to first address the issue of the bail search i think has as has been established and as my uh opponent just conceded this argument uh that the reference in the bail conditions to residents as opposed to dwellings somehow excluded the search of the storage shed was not raised below uh he has conceded that at a minimum the court's review should be plain error i would suggest to the court that under its precedence the argument may be waived nonetheless it's also i think been made clear that there is no precedent on this point and so the district court's conclusion that the shed was part of the residence that error cannot be complained cannot be plain given the existing state of the law we would also suggest that there was no error at all that in fact this decision was correct if you look at these this court's on a pertinent structures in the context of search warrants uh storage sheds exterior closets akin to this shed in this case have routinely been deemed a pertinent structures and therefore part of the premises to be searched the test is what was objectively reasonable for the officers to believe at the time of the search and we would submit given the proximity of the storage shed to the defendant's apartment which is one of the key factors that this court has looked at in the past and the fact that it was specifically assigned and therefore linked to this apartment the district court was correct in concluding that the bail conditions authorizing a search of the residence would extend to the shed in this case if there are no further questions on that point i would also just point out that the district court found in the alternative that the defendant had no reasonable expectation of privacy in this location given the nature and layout of this building given the fact that it was unlocked and apparently not maintained and contained items that did not belong to the defendant and so that is an alternate basis on which this court could affirm the district court's denial of the motion to suppress the contents of that shed turning briefly to the encounter with the defendant on the roadside on december 20th 2016 the district court found three alternate bases to support that encounter i would submit to the court that the easiest route to affirmance is to analyze it as a terry stop and that the officers had ample articulable suspicion at that point to believe that the defendant was the drug trafficker known as king and that he was actively engaged in an ongoing fentanyl trafficking enterprise that was in fact resulting in multiple overdose at what point in the stop on the record would have he been recognizable as king uh the district court found that it was unclear whether the officers recognized him as they were driving by or whether they had already um passed him and pulled over to speak to the subject who was in the middle of the road i think he found supportably though that at the time the officers exited their van to speak with the person walking down the road at that point they had identified him as king again recall your honor that the record shows that one of the officers officer had seen him the day before arrived for what he suspected to be a drug sale and so had laid eyes on him and had spoken to a drug user who identified the defendant the day before as king and then the record also establishes that mr james had rather unique facial features and so the officers were clear that they were able to identify him by the time they exited the van they had identified him as king and again they had received information from multiple sources that he was actively engaged in fentanyl trafficking so it's our position that although the court's finding that this was a consensual encounter is also supported by the record as i said the simplest route to affirmance is to analyze this as a terry stop and then the officers acted very quickly to identify mr king and in fact had not received information back about his identity by the time they determined that he had drugs in his bag so there was no unlawful extension of the terry stock in this case and then finally if there are no other questions about the roadside encounter we would just briefly argue as we did in our brief that the firearms enhancement in this case was proper the district court found by a preponderance that james would have been aware of these guns given that they were found secreted in the exact same void in the storage cabinet as the drugs that he pled guilty to possessing and we would submit to the court that that factual finding was not clear error on the the record in this case particularly because james's co-conspirator manny told a source that he was aware of the guns as well and so that further supports the district court's finding that mr james would have been aware of these guns we don't don't we need to conclude for you to have success on that point not only that he was aware of it but that it was reasonable to assume or to conclude that the guns were held by him or a co one of his colleagues in connection with the drug offense yes your honor and i i have two two points in his co-conspirator manny had indicated that the presence of the drugs there with the guns may or the guns there rather made him feel safe and that he was feeling unsafe in the wake of their seizure and i think on those facts it was reasonable for the court to assume that they were connected with the drug trafficking offense this court has also said more than once that when guns are found in proximity to drugs for example in a stash house the court can reasonably make the inference that they were there to either protect the stash or to protect the drug operation and again given the proximity here we think that was a reasonable inference in this case and finally the application notes i guess i have three points the application notes to the sentencing guideline here indicate that when the the gun was present the court should apply enhancement unless it's clearly improbable that it's connected to the offense and for the reason i just stated i don't think the defendant has established clear improbability in this case so if there are no further questions we would rest on our briefs and ask the court to affirm thank you thank you